UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE DILVER CORTEZ DOMINGUEZ (A-Number: 248-002-154),<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE CALIFORNIA CITY DETENTION CENTER,<br><br>Respondent. | No. 1:26-cv-05883-KES-FJS (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING IMMEDIATE RELEASE<br><br>Doc. 1 |

Petitioner Jose Dilver Cortez Dominguez is an immigration detainee proceeding pro se with a petition for writ of habeas corpus. Doc. 1. Respondents argue that "[d]etention in this case was pursuant to 8 U.S.C. § 1225(b)(2)(A)" and "maintain [the] position that such provision governs here." *See* Doc. 6. But Respondents acknowledge that the Ninth Circuit rejected that argument in *Rodriguez Vazquez v. Bostock*, --- F.4th ---, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026), and held that 8 U.S.C. § 1226(a) applies to noncitizens in petitioner's circumstances. Respondents further argue that this "case is not substantively distinguishable from similar cases decided by this Court;" they assert that petitioner "is therefore entitled to seek a

custody redetermination hearing before an immigration judge." *See id.* at 1.

This Court has typically ordered immediate release because respondents have taken the position that petitioner is subject to mandatory detention under § 1225(b) and did not purport to justify petitioner's detention under § 1226(a). *See J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025); *see also Cartagena Hueso v. Soto*, No. 26-1455 (ZNQ), 2026 WL 539271, at *3 (D.N.J. Feb. 26, 2026) (declining to *sua sponte* construe petitioner's detention as one arising under § 1226(a)). The appropriate remedy here is petitioner's immediate release. *See Perez Fuentes v. Warden, et al.*, No. 1:26-CV-05530 (EJD), 2026 WL 2548645 (E.D. Cal. Aug. 28, 2026).

The petition for writ of habeas corpus is GRANTED. The Court ORDERS that respondents release petitioner Jose Dilver Cortez Dominguez (A-Number: 248-002-154) immediately. If respondents seek to re-detain petitioner, they must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which petitioner's eligibility for bond must be considered.[1]

Respondents are ORDERED to provide petitioner with a copy of this Order upon his release.

The Clerk of Court is directed to close this case and enter judgment for petitioner. The Clerk is directed to serve California City Detention Center with a copy of this Order.

IT IS SO ORDERED.

Dated: August 30, 2026

UNITED STATES DISTRICT JUDGE

[1] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.